UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOE MALDONADO JR.,
#361754,

    Petitioner,                                 Civil Action No. 19-CV-11555

vs.                                            HON. BERNARD A. FRIEDMAN

KEVIN LINDSEY,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING PETITIONER'S MOTION FOR THE APPOINTMENT OF COUNSEL, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

Petitioner is a Michigan prisoner who has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for assault with intent to commit murder, Mich. Comp. Laws § 750.83, and felony-firearm, Mich. Comp. Laws § 750.227b. For the reasons stated below, the petition for a writ of habeas corpus shall be denied, petitioner's motion for the appointment of counsel shall be denied, and the Court shall decline to issue a certificate of appealability but shall grant leave to proceed on appeal in forma pauperis.

**I. Background**

On September 28, 2011, petitioner pled no-contest to the above charges in Ingham County Circuit Court pursuant to a plea agreement that provided that the remaining charges would be dismissed, that the minimum sentence on the assault charge would be capped at 216 months under *People v. Killebrew*,[1] and that the sentence on the assault charge would be in addition to

---

[1] In *People v. Killebrew*, 330 N.W.2d 834, 836 (Mich. 1982), the Michigan Supreme Court held

"the mandatory consecutive" two-year sentence for the felony-firearm charge. Plea Tr. at 4-5. The prosecutor placed the agreement on the record, and defense counsel acknowledged that those were its terms. *Id.* at 5. The factual basis for the plea was that defendant was involved in a shooting at a bar in Lansing, Michigan on December 13, 2010. *Id.* at 11-14.

At the plea hearing, the judge advised petitioner that although there was a plea agreement, the maximum sentence for the assault charge was life in prison and the maximum sentence for the felony-firearm charge was a mandatory two years in prison, which would precede any sentence on the assault charge. *Id.* at 7. The judge also advised petitioner that the court was not bound by the plea agreement and that if the court was to sentence him to a term that exceeded the one in the agreement, petitioner would have the right to withdraw his plea. *Id.* at 10. Petitioner stated that he understood the terms of the plea agreement, the maximum penalties for each charge, and that he would have the option to withdraw his plea if he received a longer sentence than the one in the agreement. *Id.* at 7, 10. The following exchange also took place between the judge and petitioner:

> THE COURT: Do you understand if the Court accepts your plea today, you would not have a trial of any kind, and you'd give up all of the rights you'd otherwise have at that trial?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: And can you read and understand English?
>
> THE DEFENDANT: Yes, ma'am.

---

> that sentencing concerns are appropriate subjects for plea bargaining. However, we hold that the judge's role in plea negotiations, sentence bargaining included, is limited to consideration of the bargain between the defendant and the prosecutor. The judge may not become involved in the negotiation of the bargain. Finally, the defendant must be given the opportunity to withdraw his guilty plea if the judge rejects the proffered bargain or chooses not to follow the prosecutor's sentence recommendation.

THE COURT: Did you read your written advice of rights form?

THE DEFENDANT: Yes, ma'am.

THE COURT: Is that your signature on the bottom?

THE DEFENDANT: Yes, ma'am.

THE COURT: And did you sign that today?

THE DEFENDANT: Yes, ma'am.

THE COURT: And do you wish to voluntarily waive the rights contained in your advice of rights form?

THE DEFENDANT: Yes, ma'am.

* * *

THE COURT: Do you have any questions about what your rights are or what rights you're giving up by pleading no contest today?

THE DEFENDANT: No, ma'am.

THE COURT: Do you understand if the Court accepts your plea, that you would not have a – you'd be giving up any claim that this plea was the result of any promises or threats which are not disclosed during this plea?

THE DEFENDANT: Yes, ma'am.

THE COURT: Also by pleading today, you'd be giving up any claim that it's not your choice to plead to this charge or to both charges?

THE DEFENDANT: Yes, ma'am.

* * *

THE COURT: Mr. Maldonado, is your understanding of the plea agreement what you heard today in court?

THE DEFENDANT: Yes, ma'am.

THE COURT: Has anyone promised you anything else in order to get you to plead . . . no contest today?

THE DEFENDANT: No, ma'am.

<pre>
                    *   *   *

          THE COURT:  Has anyone threatened you, in any way, to get you to
          plead no contest?

          THE DEFENDANT:  No, ma'am.

          THE COURT:  Is it your own choice to plead no contest?

          THE DEFENDANT:  Yes, ma'am.
</pre>

*Id.* at 8-10. The prosecutor and defense counsel stated that there was no further agreement not placed on the record and that they were unaware of any undisclosed promises, threats, or inducements. *Id.* at 9, 13. The Court accepted the plea based on a finding that "the plea is understanding, voluntary, factually supported, [and] free from duress or coercion." *Id.* at 14. On October 26, 2011, petitioner was sentenced to 216 to 360 months in prison on the assault charge and to two years in prison on the felony-firearm charge. Sent. Tr. at 11. The court indicated that the two-year felony-firearm sentence is to be served "consecutive and preceding" the sentence on the assault charge. *Id.*

Petitioner requested the appointment of appellate counsel, and an attorney was appointed to represent him. Appellate counsel, however, did not file an application for leave to appeal within six months of sentencing, as required by Mich. Ct. R. 7.205(G)(3), or any post-sentencing motions. Instead, petitioner filed a pro se motion to withdraw his plea in the trial court. The trial court denied that motion on May 11, 2012. *People v. Maldonado*, No. 11-26-FC (Ingham Cir. Ct. May 11, 2012) [docket entry 11-8].

On January 11, 2013, a second appellate counsel was assigned to represent petitioner [docket entry 11-9, PageID.211]. This attorney filed a motion with the trial court in August 2015 for relief from judgment pursuant to Mich. Ct. R. 6.500, et seq., which was denied.

*People v. Maldonado*, No. 11-26-FC (Ingham Cir. Ct. Oct. 10, 2017) [docket entry 11-11].

Counsel then filed an application for leave to appeal to the Michigan Court of Appeals. The Michigan Court of Appeals denied the application as follows:

> The Court considers defendant's delayed application for leave to appeal under the standard for direct appeals, and not under the standard for appeals from orders denying relief from judgment pursuant to MCR 6.500 et seq., for the reason that defendant's initial appointed appellate counsel rendered ineffective assistance of counsel when he failed to file either an application from the judgment of sentence or a motion to withdraw plea in a timely manner and, thereby, deprived defendant of his direct appeal. *People v Goodman*, 485 Mich 1119; 779 NW2d 254 (2010); *People v Mills*, 485 Mich 960; 774 NW2d 524 (2009). So considered, the Court orders that the delayed application for leave to appeal is DENIED for lack of merit in the grounds presented.

*People v. Maldonado*, No. 343218 (Mich. Ct. App. Aug. 9, 2018) [docket entry 11-12, PageID.287]. Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which the court denied as follows:

> On order of the Court, the motion for immediate consideration is GRANTED. The application for leave to appeal the August 9, 2018 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court. The defendant remains entitled to file a motion for relief from judgment under MCR subchapter 6.500.

*People v. Maldonado*, 923 N.W.2d 240 (Mich. 2019) [docket entry 11-13, PageID.385].

> Petitioner now seeks a writ of habeas corpus on the following grounds:
>
> I. Petitioner sits incarcerated in a state prison in violation of his right to effective assistance of counsel guaranteed him by the Sixth Amendment to the United States Constitution, where his court-appointed appellate counsel failed to timely file his brief on appeal, thereby causing Petitioner to lose his right to pursue a direct appeal.
>
> II. Petitioner sits incarcerated in a state prison in violation of his right to effective assistance of counsel guaranteed him by the Sixth Amendment to the United States Constitution, where his trial lawyer failed to challenge the illegal arrest and search of the apartment and failed to file a motion to suppress evidence.

5

III. Petitioner sits incarcerated in a state prison in violation of his right to effective assistance of counsel guaranteed him by the Sixth Amendment to the United States Constitution, where his trial lawyer failed to request a formal lineup.

IV. Petitioner sits incarcerated in a state prison in violation of his right to due process of law guaranteed him by the Fourteenth Amendment to the United States Constitution, where his guilty [sic] plea was not voluntarily made.

Pet. [docket entry 1, PageID.22, 25, 29, 35].

**II. Standard of Review**

Section 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court

decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

## III. Discussion

### A. The instant petition is timely filed.

Respondent argues that the petition should be denied because it was filed outside of the one-year period for filing a petition for a writ of habeas corpus. Section 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

Respondent argues that the petition is untimely because it was not filed within the one-year statute of limitations. Respondent argues that under § 2244(d)(1)(A), the time for seeking direct review by filing an application for leave to appeal with the Michigan Court of Appeals expired twenty-one days after the denial of petitioner's pro se motion to withdraw his plea on May

11, 2012 – i.e., the time for seeking direct review expired on June 1, 2012.[2] Resp.'s Br. at 17 (citing Mich. Ct. R. 7.205(G)(4)). Respondent argues that the conviction became final, for purposes of § 2244(d)(1)(A), on June 1, 2012, because petitioner did not file an application for leave to appeal before then. According to respondent, petitioner therefore had until June 1, 2013, to file his petition with this Court. Respondent argues that petitioner's post-conviction motion for relief from judgment did not toll or restart the statute of limitations because the motion was filed on August 20, 2015, which was after the one-year limitations period had expired. *Id.* at 18.

The Court cannot accept respondent's argument. As respondent acknowledges, substitute appellate counsel was appointed to represent petitioner in January 2013. Petitioner's substitute appellate counsel filed a post-conviction motion for relief from judgment, which was denied by the trial court. Counsel then filed an appeal to the Michigan Court of Appeals. Although the court of appeals denied petitioner leave to appeal, that court indicated that it adjudicated petitioner's claims under the standard for reviewing direct appeals, not the standard for reviewing the denial of a post-conviction motion for relief from judgment under Mich. Ct. R. 6.500, et. seq., because it determined that petitioner's first appellate counsel had "rendered ineffective assistance of counsel when he failed to file either an application from the judgment of sentence or a motion to withdraw plea in a timely manner and, thereby, deprived defendant of his direct appeal." When the Michigan Supreme Court later denied petitioner leave to appeal, that court did so without invoking the provisions of Mich. Ct. R. 6.508(D), the standard used to deny a post-conviction

---

[2] Respondent explains that this calculation is based on the date of the denial of petitioner's motion to withdraw his plea instead of petitioner's sentencing (on October 28, 2011) because the motion to withdraw was filed within the six-month period following his sentencing for filing an application for leave to appeal in the Michigan Court of Appeals. Resp.'s Br. at 17 n.1 (citing Mich. Ct. R. 7.205(G)(3)). Respondent also explains that he calculates twenty-one days from the denial of the motion because "the filing of a motion to withdraw the plea triggers Mich. Ct. R. 7.205(G)(4), imposing a 21-day period to appeal from the resulting order on the motion." *Id.* n.2.

8

appeal. The Michigan Supreme Court stated that petitioner could still file a post-conviction motion for relief from judgment pursuant to Mich. Ct. R. 6.500.

When a state court grants a defendant "the right to file an out-of-time direct appeal" during state post-conviction or collateral review, but before the defendant seeks federal habeas relief, the state court judgment "is not yet 'final' for purposes of § 2244(d)(1)(A)." *Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009). Instead, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" is based on the date that the out-of-time direct appeal concludes, or the expiration of the time for seeking review of that appeal. *Id.* "In determining whether a particular state procedure constitutes part of the 'direct review' process for purposes of AEDPA's limitations period, the Court must defer to the underlying state court characterization of the procedure." *Redmond v. Jackson*, 295 F. Supp. 2d 767, 771 (E.D. Mich. 2003).

In the present case, the Michigan Court of Appeals treated petitioner's appeal as a direct appeal, and not as an appeal from the denial of a post-conviction motion, because it reviewed petitioner's claims under the standard for direct appeals and not for collateral review. As a result, the Michigan Court of Appeals allowed petitioner to file an out-of-time direct appeal, which means that the court's decision was part of the "direct review" process. *See id.* (noting that the United States Court of Appeals for the Tenth Circuit held in *Orange v. Calbone*, 318 F.3d 1167, 1170 (10th Cir. 2003), that "the 'appeal out of time' procedure offered to defendants by the [state court] was part of the direct appeal process under Oklahoma law, and was therefore part of the 'direct review' process within the meaning of § 2244(d)(1)(A) for purposes of determining when the limitations period commenced to run"). Moreover, the Michigan Supreme Court, in denying petitioner's application for leave to appeal, indicated that petitioner was free to file a post-

9

conviction motion for relief from judgment under Mich. Ct. R. 6.500. Under Mich. Ct. R. 6.502(G)(1), a criminal defendant in Michigan can typically file only one motion for relief from judgment with regard to a criminal conviction. *See Banks v. Jackson*, 149 F. App'x 414, 418 (6th Cir. 2005). Had petitioner's appeal been considered collateral review, the Michigan Supreme Court would not have indicated that petitioner could still file a post-conviction motion for relief from judgment.

Because petitioner was given permission by the state court to file an out-of-time direct appeal, the Court concludes that direct review of petitioner's conviction expired on March 5, 2019, when the Michigan Supreme Court denied petitioner leave to appeal. The one-year limitations period commenced ninety days later – i.e., on June 4, 2019 – when the time for seeking a writ of certiorari expired. *See Jimenez*, 555 U.S. at 119; *see also Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). Petitioner's habeas application is timely because it was signed and dated May 17, 2019, and it was filed on May 28, 2019.

**B. Claim #1: Petitioner's ineffective assistance of appellate counsel claim is moot.**

Petitioner claims that he was denied the assistance of appellate counsel because his first appellate counsel failed to file a timely appeal on his behalf. "The Sixth Amendment guarantees a defendant the right to the effective assistance of appellate counsel both on appeals of right, *see Evitts v. Lucey*, 469 U.S. 387, 396-97 (1985), and on first-tier discretionary appeals. *Halbert v. Michigan*, 545 U.S. 605, 609-10 (2005)." *Williams v. Palmer*, No. 1:17-CV-13369, 2018 WL 3375063, at * 8 (E.D. Mich. July 11, 2018). "The United States Supreme Court [has] held that if a dismissal of an appeal by right occurs because of the ineffectiveness of appellate counsel, the defendant is entitled to a reinstatement of his appeal." *Wilson v. Parker*, 515 F.3d 682, 708 (6th Cir. 2008) (citing *Evitts*, 469 U.S. at 105), *as amended on denial of reh'g and reh'g*

10

*en banc* (Feb. 25, 2009). In other words, "*Evitts* ensures that a defendant is not denied a hearing of his appeal of right due to ineffective assistance." *Id.*

Petitioner's ineffective assistance of appellate counsel claim is moot because the Michigan Court of Appeals reviewed petitioner's case under the standard for direct appeals. Because the court of appeals treated his application for leave to appeal as a direct appeal, petitioner has not established that he was prejudiced by his initial inability to file a timely appeal. *Williams*, 2018 WL 3375063, at * 8; *United States v. Skelton*, 68 F. App'x 605, 607 (6th Cir. 2003) (rejecting defendant's allegations of ineffective assistance of counsel because counsel's failure to file a timely notice of appeal "did not prejudice [defendant] because he was granted an extension of time in which to file his notice of appeal"); *United States v. Herrera-Rivera*, 25 F.3d 491, 497 (7th Cir. 1994) (defendant suffered no prejudice from counsel's failure to file timely notice of appeal when district court permitted out-of-time appeal). Because the Michigan Court of Appeals reviewed petitioner's claims as though they were raised on direct appeal, petitioner is not entitled to habeas relief on his first claim.

**C. Claims #2 and #3: Petitioner's ineffective assistance of trial counsel claims regarding the failure to challenge his arrest and the search of the apartment, the failure to file a motion to suppress, and the failure to request a formal lineup are waived.**

In his second claim, petitioner alleges that trial counsel was ineffective in failing to challenge the legality of his arrest and the search of the apartment, and in failing to move to suppress evidence. In his third claim, petitioner alleges that trial counsel was ineffective in failing to request a formal lineup for the witnesses to identify petitioner.

Petitioner's pre-plea ineffective assistance of counsel claims were waived by his no-contest plea. This Court has recently explained:

11

> An unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). A no-contest plea also constitutes a waiver of all non-jurisdictional defects. *United States v. Freed*, 688 F.2d 24, 25 (6th Cir. 1982); *Wolfenbarger*, 387 F. Supp. 2d at 747. In the Sixth Circuit, pre-plea claims of ineffective assistance of trial counsel are considered non-jurisdictional defects that are waived by a guilty or no-contest plea. *See United States v. Stiger*, 20 F. App'x 307, 309 (6th Cir. 2001); *Rice v. Olson*, No. 16-1125, 2016 WL 3877866, at *1, 2016 U.S. App. LEXIS 13442 at *5 (6th Cir. July 15, 2016).

*Clemons v. Klee*, No. 17-CV-10235, 2019 WL 4281899, at *5 (E.D. Mich. Sept. 10, 2019). In *Clemons*, the Court denied the petitioner habeas relief "on any ineffective assistance of trial counsel claims that occurred prior to him pleading no-contest," which included allegations that "trial counsel was ineffective at his preliminary examination and by failing to investigate and interview witnesses." *Id.* In the instant case, petitioner is likewise not entitled to habeas relief on his ineffective assistance of trial counsel claims regarding the failure to challenge the arrest and search of the apartment, the failure to file a motion to suppress, or the failure to request a formal lineup because they occurred prior to his plea and were waived when he pled no-contest. Thus, petitioner's second and third claims fail.

### D. Claim #4: Petitioner's no-contest plea was voluntary.

In his fourth claim, petitioner contends that the trial judge erred in refusing to allow him to withdraw his plea because his plea was involuntary, as his attorney coerced him into pleading no-contest, told petitioner that he would not take the case to trial because it would be too expensive, and misled petitioner by telling him that "he had a plea offer of ten and a half years" that petitioner's parents thought petitioner should accept. Pet. [docket entry 1, PageID.35].

As an initial matter, a petitioner does not have a federal constitutional right to withdraw his no-contest plea. *See Hynes v. Birkett*, 526 F. App'x 515, 521 (6th Cir. 2013). Unless a petitioner's guilty or no-contest plea otherwise violated a clearly-established constitutional right,

whether to allow the withdrawal of a habeas petitioner's plea is discretionary with the state trial court. *See Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 748 (E.D. Mich. 2005) (internal citation omitted).

A guilty or no-contest plea that is entered in state court must be made voluntarily and intelligently. *Id.* at 749 (citing *Boykin v. Alabama*, 395 U.S. 238, 242 (1969)); *Doyle v. Scutt*, 347 F. Supp. 2d 474, 482 (E.D. Mich. 2004). "A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea." *Mack v. Berghuis*, No. 2:08-CV-13204, 2010 WL 4916720, at *3 (E.D. Mich. Nov. 23, 2010) (citing *Brady v. United States*, 397 U.S. 742, 755 (1970)). "The plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel." *Id.* (citing *Brady*, 397 U.S. at 756). "To be valid, [a] plea 'must be [a] knowing, intelligent act[] done with sufficient awareness of the relevant circumstances and likely consequences.'" *Carethers v. Wolfenbarger*, 407 F. App'x 14, 16 (6th Cir. 2011) (quoting *Brady*, 397 U.S. at 748). The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he is pleading guilty or no-contest. *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994).

"Federal and state courts will uphold a state court guilty [or no-contest] plea if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and voluntarily chose to plead guilty [or no-contest]." *Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 652 (E.D. Mich. 2002) (alterations added). "The voluntariness of a guilty or no-contest plea is determined in light of all relevant circumstances surrounding the plea." *Robinson v. Burt*, No. 2:16-CV-13949, 2017 WL 2832553, at *3 (E.D. Mich. June 30, 2017) (citing *Brady*, 397 U.S. at 749).

When a habeas petitioner challenges his plea of guilty or no-contest, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). "On habeas review, a state court's finding that a plea was valid is a factual finding that is entitled to a presumption of correctness." *Marshall v. Napel*, No. 16-2723, 2017 WL 6398016, at *1 (6th Cir. July 14, 2017) (citing *Railey v. Webb*, 540 F.3d 393, 417 (6th Cir. 2008)). The petitioner must overcome a "heavy burden" if the federal court is to overturn the state court's finding. *Garcia*, 991 F.2d at 328.

In the present case, the plea hearing transcript establishes that petitioner pled no-contest voluntarily, intelligently, and knowingly. Petitioner was advised of the maximum sentence for each charge he pled no-contest to, and he waived his right to a trial and "voluntarily waive[d] the rights contained in [his] advice of rights form," which he read and signed on the day of his plea hearing. Plea Tr. at 8. Petitioner indicated that he reads and understands English, and he asked no questions about his rights, including what rights he was giving up by pleading no-contest. He stated that he understood the terms of the plea agreement and that its complete terms were placed on the record. Petitioner stated that he had not been promised anything or threatened to plead no-contest and that he understood that a no-contest plea would waive any claim that his plea was the result of undisclosed promises or threats. Petitioner indicated that it was his "own choice to plead no contest" and that he understood that by doing so he was "giving up any claim that it's not your choice to plead to this charge or to both charges." *Id.* at 9-10. Petitioner was assisted by counsel, who indicated that the full terms of the plea agreement were placed on the record and that he was not aware of any undisclosed promises, threats, or inducements. Under these circumstances, the

14

transcript clearly establishes that petitioner's plea was made voluntarily, intelligently, and knowingly. *See Shanks*, 387 F. Supp. 2d at 749.

The allegedly misleading statements petitioner's attorney made to petitioner do not alter the terms of the plea agreement or make the plea involuntary. "[W]here the court has scrupulously followed the required procedure [for taking a defendant's plea], the defendant is bound by his statements in response to that court's inquiry." *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (internal quotation omitted). "[A]bsent extraordinary circumstances, or some explanation of why defendant did not reveal other terms, at least when specifically asked to do so by the court, a defendant's plea agreement consists of the terms revealed in open court." *Id.* "A trial court's proper plea colloquy cures any misunderstandings that a defendant may have about the consequences of a plea." *Mack*, 2010 WL 4916720, at *4 (citing *Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999), and *Boyd v. Yukins*, 99 F. App'x 699, 703 (6th Cir. 2004)). That a petitioner may be "subsequently dissatisfied with his plea or may have hoped for more lenient treatment does not render his plea unknowing or involuntary." *Id.* (citing *Brady*, 397 U.S. at 757).

As noted, the transcript from petitioner's plea hearing shows that the trial court's plea colloquy was proper and that petitioner's no-contest plea was made voluntarily. Even if petitioner was misled by his attorney's statements, petitioner is bound by the terms of the plea agreement, which were unchallenged by petitioner when they were disclosed in open court. The prosecutor stated that pursuant to the plea agreement, petitioner's minimum sentence on the assault charge would not exceed 216 months and that this sentence would be in addition to "the mandatory consecutive" two-year sentence for the felony-firearm charge. Plea Tr. at 5. The judge then informed petitioner of the maximum penalties for each charge and carefully questioned petitioner about his rights and whether any promises or threats had been made to induce his plea. Petitioner's

assertion that he was coerced or misled by counsel is at odds with his testimony at the plea hearing that he understood the plea agreement to be what was placed on the record, that he understood the maximum penalties for each of the charges that he was pleading to, that no promises or threats had been made to him, that he was giving up any claim that his plea was the result of undisclosed promises or threats, and that it was his own choice to plea no-contest. Because petitioner has not shown that his plea was involuntary, he has not shown that the trial court erred in denying his motion to withdraw his plea. Petitioner is therefore not entitled to habeas relief on his fourth claim.

### E. Petitioner's motion for the appointment of counsel shall be denied.

Petitioner has filed a motion for the appointment of counsel in which he asks that counsel be appointed to represent him because he is indigent and because the issues raised in his petition "have considerable merit and involve[] legal principles of major significance to the Federal Court's jurisprudence and to the laws of the United States Constitution" [docket entry 3 ¶¶ 3-4]. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess*, 306 F. 3d 441, 444 (6th Cir. 2002). Because petitioner's claims lack merit, the Court shall deny petitioner's motion for the appointment of counsel. *See Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 788 (E.D. Mich. 2004).

## IV. Conclusion

Before petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v.*

*McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *see also Strayhorn v. Booker*, 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

For the reasons stated in this opinion, the Court shall deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a constitutional right. *See Dell v. Straub*, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002). However, although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed on appeal in forma pauperis. *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002). Accordingly,

IT IS ORDERED that petitioner's application for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that petitioner's motion for the appointment of counsel [docket entry 3] is denied.

*McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *see also Strayhorn v. Booker*, 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

For the reasons stated in this opinion, the Court shall deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a constitutional right. *See Dell v. Straub*, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002). However, although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed on appeal in forma pauperis. *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002). Accordingly,

IT IS ORDERED that petitioner's application for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that petitioner's motion for the appointment of counsel [docket entry 3] is denied.

IT IS FURTHER ORDERED that a certificate of appealability is denied because petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

IT IS FURTHER ORDERED that petitioner is granted leave to proceed on appeal in forma pauperis.

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

Dated: March 27, 2020
Detroit, Michigan